FILED
Oct 01, 2025
11:31 AM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Jerry Yarbough | Docket No. 2020-08-0119 |
| v. | State File No. 37277-2019 |
| TrueBlue, Inc., et al. | |

Appeal from the Court of Workers'
Compensation Claims
Shaterra R. Marion, Judge

---

### Affirmed and Certified as Final

---

In this compensation appeal, the employee questions the trial court's decision to grant the employer's motion for summary judgment. The employee suffered electrical burns in the course and scope of his work as an electrician. The employer accepted the claim and provided medical treatment until the authorized treating physician released the employee at maximum medical improvement, at which time it ceased providing benefits. Following an expedited hearing, the trial court ordered the employer to provide another panel, which it did. After that selected physician also released the employee from care, the court entered a scheduling order. The employer then filed a motion for summary judgment, arguing the employee did not have any admissible medical proof that his on-going medical complaints arose primarily out of his employment. The employee did not respond to the motion, and the trial court determined the employer had negated an essential element of the employee's claim. As a result, the trial court granted the employer's motion for summary judgment, and the employee has appealed. Having carefully reviewed the record, we affirm the trial court's decision and certify it as final.

Judge Meredith B. Weaver delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Pele I. Godkin joined.

Jerry Yarbough, Seattle, Washington, employee-appellant, pro se

David E. Goudie, Nashville, Tennessee, for the employer-appellee, TrueBlue, Inc.

1

**Memorandum Opinion[1]**

Jerry Yarbough ("Employee") began working as an electrician for TrueBlue, Inc. ("Employer"), a staffing company, in April 2019. In the course and scope of his work, Employee received an electric shock on May 22, 2019, resulting in burns to several fingers on his left hand. He also reported symptoms on his left side and an increased heart rate. Employer authorized Employee to see Dr. John Hayes at Concentra the following day. Dr. Hayes noted a burn on Employee's left hand and diagnosed him with an electrical injury. He placed Employee on light duty restrictions and ordered an EKG.[2] On June 7, Dr. Hayes referred Employee to a neurologist for a possible nerve conduction study. Employer provided a panel, and Employee selected Dr. Steven Graham.

Dr. Graham saw Employee one time, on August 6, 2019, and determined Employee's complaints of left-sided numbness while lying on his left side and an associated increased heart rate had "no neuropathological correlation" to the electric shock injury. He released Employee on that same date at maximum medical improvement ("MMI") with no permanent neurological impairment arising from the work injury.

Thereafter, Employer did not authorize any further medical treatment, and Employee filed a petition for benefit determination in January 2020 seeking more medical treatment and temporary disability benefits. Employee also filed a request for an expedited hearing but then requested the hearing be continued, as he had moved from Memphis, Tennessee to Seattle, Washington, and he also wanted to ensure all of the relevant medical records had been filed. The court granted the motion for a continuance and reset the expedited hearing for June 7, 2021. Following that hearing, the trial court granted Employee's request for medical treatment and ordered Employer to provide a panel of occupational or physical medicine physicians in the Seattle area. The court denied Employee's request for temporary disability benefits, finding that Employer had already provided the disability benefits to which Employee was entitled at that stage in the litigation. Employer provided a panel, and Employee selected Kaiser Permanente, a medical facility in Seattle. Employer then scheduled an appointment with Dr. Hee Yon Sohng, an occupational medicine specialist at that facility.

Dr. Sohng saw Employee for the first time on January 5, 2022. At that time, Employee complained of pain and weakness in the left arm and expressed concerns of having a cardiac arrhythmia. Dr. Sohng stated that "[a] significant cardiac arrhythmia over two and half years from the electric shock injury would be unlikely." Dr. Sohng also

---

[1] This decision is being filed pursuant to Tenn. Comp. R. and Regs. 0800-02-22-.03(1) (2023).

[2] It is unclear in the record if this EKG was ever completed. Regarding the work restrictions from Dr. Hayes, Employer made an offer to accommodate the light duty restrictions, and Employee did return to work. However, he asserted that Employer encouraged him to apply for "disability," and he left his employment. Employer disputed his account.

expressed that Employee's "left lower extremity symptoms [are] unlikely to be due to his electric shock, particularly since they did not develop until several weeks/months after his injury." Despite these statements, Dr. Sohng ordered an EKG with a heart monitor, an EMG of the lower left extremity, an MRI of the left shoulder, and instructed Employee to follow up with his primary care physician.

Employee returned to Dr. Sohng on November 16, 2022. At that time, he had completed a nuclear stress test, a cardiac MRI, had worn a heart monitor, had an echocardiogram, and had seen a cardiologist, Dr. Tina Shah. Dr. Sohng reviewed the records and noted Employee had experienced an "episodic asymptomatic non-sustained ventricular tachycardia" while on the monitor in January 2022. Dr. Shah's record indicated Employee's uncontrolled hypertension "likely contribut[ed]" to his symptoms.

Following this appointment, counsel for Employer forwarded correspondence to Dr. Sohng asking whether Employee's cardiac issues, high blood pressure, and lower extremity pain were primarily caused by the work injury. Dr. Sohng responded that none of the conditions were more than 50% caused by the work injury and also stated that there was no necessary medical treatment for any of the conditions that was 50% or more caused by the work injury. Dr. Sohng also indicated Employee's shoulder pain was "probably not related" but wanted an MRI to be certain. Finally, Dr. Sohng said that, pending the shoulder MRI, Employee was at MMI with no permanent medical impairment. Following an MRI of the shoulder in April 2023, Dr. Sohng responded to additional correspondence from Employer's counsel and opined that the May 23, 2019 work injury was not 50% or more the cause of Employee's upper extremity pain and that there was no need for additional medical treatment of the shoulder that was primarily caused by the work injury. Dr. Sohng also completed a Form C-30A Final Medical Report, placing Employee at MMI and assigning no permanent impairment as of April 12, 2023.

Employee filed another request for expedited hearing in January 2024, as well as several medical records, and advised the court at a status conference that he would be deposing a doctor in preparation of his case. The trial court set an expedited hearing for September 9, 2024, as the parties indicated a need to engage in more discovery, including deposing Dr. Sohng in July 2024. At that time, Dr. Sohng testified consistently with the medical records and questionnaire responses regarding Employee's lack of permanent impairment and lack of any need for medical treatment primarily caused by the work injury.

Following that deposition, Employer filed a motion to cancel the expedited hearing, arguing that Employee was at MMI and that it was more appropriate to have a compensation hearing. It appears from statements in the record that Employee requested more time to obtain more medical records as well. The trial court granted the motion to cancel the expedited hearing and entered a scheduling order requiring that all written reports of medical experts be disclosed by March 7, 2025, and all proof depositions of

medical experts be completed by April 11, 2025. The order also set the final compensation hearing for June 30, 2025.

Thereafter, Employer filed a motion for summary judgment on April 30, arguing that Employee could not prove he suffered a permanent injury arising primarily from the work accident or that any need for additional medical treatment arose primarily from the work injury. In support of its motion, Employer relied on Dr. Sohng's deposition testimony and Employee's failure to disclose or obtain any medical proof in support of his claim as required by the terms of the scheduling order.[3] Employee did not respond to the motion for summary judgment or the statement of undisputed facts. A hearing on Employer's motion was set for June 5, 2025, and Employee filed a motion to continue the day before, indicating he had been unsuccessful in seeking assistance from an ombudsman to help him understand the motion for summary judgment. The hearing proceeded as scheduled, and in a June 16, 2025 order, the trial court denied Employee's request for a continuance and granted Employer's motion for summary judgment, finding Employer had negated an essential element of Employee's claim, namely, medical causation. Employee has appealed.

We review the grant or denial of a motion for summary judgment *de novo* with no presumption that the trial court's conclusions are correct. *See Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015). Thus, we must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Id.* In his notice of appeal, Employee states that "For 5 years, I have not been able to submitt [sic] a single document to this court." He also filed a "statement" indicating "the attorneys have continued to delay, deny, fabricate[,] and falsify information that is pertinent to my case." For its part, Employer asks that we deem this appeal to be frivolous.

With respect to Employee's first statement, he has failed to identify with any specificity the documents he claims he was prohibited from filing or how he was prejudiced by any actions of the court or the attorneys in this matter. A court's unfavorable decision, standing alone, is not evidence of prejudice or bias. *See, e.g.*, *Limbaugh v. Mueller Refrigeration Co.*, No. M2007-00999-WC-R3-WC, 2008 Tenn. LEXIS 623, at *12 (Tenn. Workers' Comp. Panel Sept. 26, 2008). There is no indication Employee complied with the deadlines set out in the court's scheduling order or obtained admissible medical proof to substantiate his claim. As correctly noted by the trial court, medical records, standing alone, are not appropriate for consideration in response to a motion for summary judgment. *See Thomas v. 10 Roads Express, LLC*, No. 2021-08-0819, 2023 TN Wrk. Comp. App. Bd.

---

[3] Employee attempted to file two Standard Form Medical Reports ("Form C-32s") in February 2025, completed by Dr. Sean Adelman and Dr. Ann Shine Tu, respectively. Both submissions were missing pages of the form, and neither form had a signature of the respective doctor. Employer contacted Employee twice regarding the insufficiencies before filing a Motion to Exclude, which the trial court granted. That order was not appealed.

LEXIS 17, at *7-8 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2023). A trial court can only consider "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any" as specified by Rule 56.04 of the Tennessee Rules of Civil Procedure. Although Employee did attempt to file two Form C-32s of medical providers, the filings were incomplete and unsigned, and the court's order excluding them was not appealed. *See* Tenn. Code Ann. § 50-6-235(c)(1) (addressing admissibility requirements for Form C-32s).

In short, we conclude the trial court correctly determined that Employer negated an essential element of Employee's claim by presenting the expert opinions of two authorized physicians, whose opinions are presumed correct, indicating that Employee's medical complaints did not arise primarily out of the work accident. *See* Tenn. Code Ann. § 50-6-102(12)(e) ("The opinion of the treating physician . . . shall be presumed correct on the issue of causation."). Employee did not respond to Employer's motion or the statement of undisputed facts and did not present any admissible proof to create a genuine issue of material fact regarding medical causation.

With respect to Employer's request that this appeal be determined frivolous, a frivolous appeal is one that is devoid of merit or brought solely for delay. *Yarbrough v. Protective Servs. Co.*, No. 2015-08-0574, 2016 TN Wrk. Comp. App. Bd. LEXIS 3, at *11 (Tenn. Workers' Comp. App. Bd. Jan. 25, 2016); *see also Burnette v. WestRock*, No. 2016-01-0670, 2017 TN Wrk. Comp. App. Bd. LEXIS 66, at *15 (Tenn. Workers' Comp. App. Bd. Oct. 31, 2017) ("Stated another way, a frivolous appeal is one that . . . had no reasonable chance of succeeding."). Litigants "should not be required to endure the hassle and expense of baseless litigation. Nor should appellate courts be required to waste time and resources on appeals that have no realistic chance of success." *Yarbrough*, 2016 TN Wrk. Comp. App. Bd. LEXIS 3, at *10-11 (internal citations omitted). Although we acknowledge Employee is self-represented, we are required to hold self-represented employees to the same procedural and evidentiary standards as represented parties. *Burnette v. K-Mart Corp.*, No. 2014-02-0020, 2015 TN Wrk. Comp. App. Bd. LEXIS 2, at *6 (Tenn. Workers' Comp. App. Bd. Jan. 20, 2015). Here, Employee did not timely respond to Employer's dispositive motion, did not comply with Rule 56 of the Tennessee Rules of Civil Procedure, and did not file a timely motion for continuance of the summary judgment hearing supported by an affidavit. In short, Employee had no reasonable chance of success on appeal, and we conclude his appeal is frivolous. However, we exercise our discretion and decline to award attorneys' fees or expenses in these circumstances.

For the foregoing reasons, we affirm the decision of the trial court and certify the order as final. Costs on appeal are taxed to Employee.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Jerry Yarbough | Docket No. 2020-08-0119 |
| v. | State File No. 37277-2019 |
| TrueBlue, Inc., et al. | |

Appeal from the Court of Workers'
Compensation Claims
Shaterra R. Marion, Judge

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 1st day of October, 2025.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Jerry Yarbough | | | | X | jerryyarbough@gmail.com |
| David Goudie | | | | X | dgoudie@morganakins.com plunny@morganakins.com |
| Shaterra R. Marion, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

*O. Yearwood*

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov